SILAS W. SMITH, APPELLANT, *v.* JAMES H. LYKE,
RESPONDENT.

*Enticing wife from husband — right of action for — good faith of person receiving —
when a defense.*

Upon the trial of an action brought by a husband against his wife's father to
recover damages for enticing away his wife, evidence was given tending to
show that the wife, by reason of illness, was unable to leave her husband's
house without assistance, and that her father, at her request, removed her to
his own. The justice charged that, even if the husband's treatment of his
wife was not improper, in fact, yet if such complaints were made to the
defendant, by the wife and others, as induced him to believe that she was
cruelly treated by her husband, and he acted in good faith in taking her to
his house, the plaintiff could not recover.
*Held,* that the charge was correct.

APPEAL from a judgment in favor of the defendant, entered on
the verdict of a jury, rendered at the Steuben Circuit before Mr.
Justice RUMSEY.

The action was brought to recover damages for enticing away
the plaintiff's wife, who was the defendant's daughter.

*W. Rumsey,* for the appellant.

*Butler & Searl,* for the respondent.

SMITH, J.:

A husband may maintain an action for enticing away his wife,
or inducing her to live apart from him, even against the wife's
father. (*Winsmore* v. *Greenbank,* Willes R., 577; *Hutcheson* v.
*Peck,* 5 Johns., 196.) In the present case, the judge, after instruct-
ing the jury in accordance with the rule above stated, charged
them, in substance, that if the plaintiff treated his wife in a cruel
and inhuman manner, so that his home was unfit for her to live
in, and the defendant took her to his own house, at her request,
he was justified in doing so. He further charged them, that even
if the husband's treatment of his wife was not improper, in fact,
yet if such complaints were made to the defendant, by the plaintiff's

wife and others, as induced him to believe that she was cruelly treated by her husband, and he acted in good faith, the plaintiff ·cannot recover. To the latter instruction an exception was taken, which raises the principal question in the case. It has been repeatedly held in actions for harboring the wife, that the material point of inquiry is the intent with which the defendant acted. (*Hutcheson* v. *Peck, supra; Schuneman* v. *Palmer*, 4 Barb., 227; *Bennett* v. *Smith*, 21 id., 439.) The counsel for the plaintiff suggests that in all the cases so holding, it appeared that the defendant's wrongful conduct consisted merely in harboring the wife, or advising her to leave her husband, not in actively invading the plaintiff's rights, by taking his wife from his house. But wherein do those cases differ in principle from the case at bar? In the present case, the evidence warrants the conclusion that the wife, by reason of illness, was unable to leave her husband's house without assistance, and that her father removed her to his own house,. at her request. If he believed from her statements that she was cruelly treated by her husband, was he not as fully justified in removing her from her husband's house to his own, she not being able to get away without assistance, as he would have been in receiving and harboring her in his own house if she had gone there without his aid and sought shelter? It is argued that the defendant should have investigated the complaints, and that not having done so, he acted on them at his peril. It is true he might have gone to the husband with the complaints and inquired as to their truth, but we do not think his omission to do so necessarily rendered him liable. At most, it was but a circumstance to be considered by the jury in determining the intent with which he acted.

We think the case was properly disposed of at the Circuit, and that the judgment should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.